The force and effect of the foregoing statutory provision, in giving congressional intent to paragraph 1503, as originally enacted and as modified, were discussed in our decision in *S. H. Kress & Co.* v. *United States,* 41 Cust. Ct. 173, C.D. 2037, affirmed in *United States* v. *S. H. Kress & Co.,* 46 CCPA 135, C.A.D. 716.

On the basis of the present record and for all of the reasons hereinabove set forth, we hold the strings of alabaster beads involved herein to be dutiable at the rate of 15½ per centum ad valorem under the provision in paragraph 1503, as modified, *supra,* for beads, not specially provided for, as claimed by plaintiff.

That claim in the protest is sustained, and judgment will be rendered accordingly.

No. 67982.—S. H. Kress & Company *v.* United States, protest 59/25736 (San Francisco).

Opinion by OLIVER, C. J.   In accordance with stipulation of counsel that the merchandise consists of strings of beads similar in all material respects to those the subject of *United States* v. *S. H. Kress & Co.* (46 CCPA 135, C.A.D. 716), the claim of the plaintiff was sustained.

No. 67983.—Herbert Kann Co., Inc. *v.* United States, protest 62/5654 (Galveston).

Opinion by OLIVER, C. J.   In accordance with stipulation of counsel that the merchandise consists of footwear in chief value of india rubber, the claim of the plaintiff was sustained.   It was held that the ad valorem rate be based on the appraised value to be calculated on the basis of American selling price, as provided in 63 Treas. Dec. 232, T.D. 46158.

No. 67984.—Esso Standard Oil Company *v.* United States, protests 180219–K and 180217–K (Bridgeport).

Opinion by OLIVER, C. J.   In accordance with stipulation of counsel that the merchandise consists of crude petroleum, topped crude petroleum, or fuel oil derived from petroleum (including fuel oil known as gas) similar in all material respects to that the subject of *Esso Standard Oil Company* v. *United States* (48 Cust. Ct. 54, C.D. 2314), the claim of the plaintiff was sustained as to 30 percent of the quantity of merchandise covered by the entries involved herein.

No. 67985.—Esso Export Corporation *v.* United States, protests 202628–K and 202630–K (Norfolk).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of crude petroleum, topped crude petroleum, or fuel oil derived from petroleum (including fuel oil known as gas) similar in all material respects to that the subject of *Esso Standard Oil Company* v. *United States* (48 Cust. Ct. 54, C.D. 2314), the claim of the plaintiff was sustained as to 30 percent of the quantity of merchandise covered by the entries involved herein.

**No. 67986.**—Unicord, Inc. *v.* United States, protests 60/14466, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of chord organs and parts thereof similar in all material respects to those the subject of *Excelsior Accordions, Inc.* v. *United States* (48 Cust. Ct. 148, C.D. 2328), the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, SEPTEMBER 16, 1963

**No. 67987.**—Morganite, Inc. *v.* United States, protest 62/14066 (New York).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of carbon powder similar in all material respects to that the subject of *Morganite, Inc.* v. *United States* (42 CCPA 207, C.A.D. 595), the claim of the plaintiff was sustained.

**No. 67988.**—Alexanders Dept. Stores *v.* United States, protest 62/16483 (New York).

Opinion by DONLON, J. It was stipulated that the principles herein are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 CCPA 112, C.A.D. 351), and that the case of merchandise, reported by the inspector as manifested, not found, was not in fact received by the importer. In accordance with stipulation of counsel and following the decision cited, it was held that duty is not assessable upon the case of merchandise, which was reported by the inspector as manifested, not found. The protest was sustained to this extent.

**No. 67989.**—Moscahlades Bros., Inc. *v.* United States, protest 62/11228 (San Francisco).